# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 10-0301-WS-C |
| | ) |
| RICHARD T. MERRITT, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (doc. 18). Also pending is plaintiff's Motion for Partial Summary Judgment (doc. 13).

**I.    Background.**

On June 15, 2010, plaintiff, Vision Bank, commenced this action against defendant, Richard T. Merritt, in this District Court seeking to recover principal, interest and costs on a pair of promissory notes.[1] In particular, the Complaint alleges that Merritt is indebted to Vision pursuant to two promissory notes dated August 11, 2008 and November 30, 2008, in the principal amounts of $46,622.00 and $750,000.00, respectively. According to the Complaint, those loans have matured and defendant is in default. On that basis, Vision demands judgment against Merritt for all sums owed under the notes (including principal, interest, late fees, attorney's fees and costs), as well as an accounting of the loan proceeds and inspection of Merritt's financial documentation as provided in the underlying agreements. On July 19, 2010, Merritt, by and through counsel, filed an Answer (doc. 7) denying liability under both the breach of contract and accounting/inspection causes of action.

---

[1] Federal subject matter jurisdiction is properly predicated on 28 U.S.C. § 1332, inasmuch as it appears undisputed that the parties are citizens of different states (with Vision being a Florida citizen for diversity purposes and Merritt being a citizen of Alabama) and that the amount in controversy far exceeds $75,000.

This action was placed on a standard litigation track via Rule 16(b) Scheduling Order (doc. 12) entered on September 27, 2010. For example, the discovery cutoff was slated for February 25, 2011, with a pretrial conference to be held in July 2011 and a jury trial to follow in August 2011. Just two days after entry of the Scheduling Order, however, Vision Bank filed a Motion for Partial Summary Judgment requesting summary judgment on the breach of contract claim in the amount of $823,070.17, plus attorney's fees and costs. In support of its Rule 56 Motion, plaintiff submitted copies of the two promissory notes, both of which identify "Richard T. Merritt" as the "Borrower," recite the principal amounts listed in the Complaint, and purport to contain his signature. (Doc. 13, Exh. A, C.) Also included in the summary judgment record is the Affidavit of Frank W. Wagner, II, Vision's Senior Vice President, averring that Merritt executed both promissory notes, that Merritt defaulted under the notes by failing to make scheduled payments, that Merritt failed to pay even after demand by Vision, and that the balances owed on the two notes as of September 27, 2010, were $783,265.87 and $39,804.30. (Doc. 13, Exh. B.)

In response, Merritt objected that Vision's summary judgment motion was premature and requested an extension of time. Alternatively, defendant offered a short substantive response, asserting in largely conclusory fashion (devoid of record evidence or case citations) that summary judgment should be denied because "the notes were for Merritt Oil Company, Inc., not Merritt individually," there is a genuine issue of material fact as to amounts owed, and Vision's alleged failure to mitigate damages by foreclosing on the collateral "has worked a release or novation" excusing Merritt from liability. (Doc. 18, at 2.)

**II.     Analysis.**

   ***A.     Merritt Has Failed to Make an Adequate Showing Under Rule 56(d).***

Merritt's contention that Vision's Rule 56 motion is premature because no discovery has yet been conducted is governed by Rule 56(d), Fed.R.Civ.P.[2] That rule provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts

---

[2]     Certain amendments to the Federal Rules of Civil Procedure took effect on December 1, 2010. Among those revisions were changes to Rule 56, including a renumbering of the former Rule 56(f) as Rule 56(d), along with minor changes to that subsection. The Court will apply the new Rule 56(d); however, much of the case law construing the former Rule 56(f) applies with equal force to the current iteration of the rule.

essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* This rule is "infused with a spirit of liberality." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989). The grant or denial of relief under Rule 56(d) lies within the sound discretion of the trial court. *See Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989).

Notwithstanding the discretionary nature of Rule 56(d), there are black-letter limits to the exercise of that discretion. The law of this Circuit provides that, as a general proposition, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (citations omitted); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *Baucom v. Sisco Stevedoring, LLC*, 506 F. Supp.2d 1064, 1067 n.1 (S.D. Ala. 2007) (reciting general rule). Thus, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook*, 859 F.2d at 870. Where district courts fail to honor these principles, appellate courts have found error. *See, e.g., Jones*, 120 F.3d at 253 (district court abused its discretion in deciding summary judgment motion where plaintiffs never had opportunity to examine requested documents or to depose defendant's witnesses); *Dean*, 951 F.2d at 1213-14 (district court abused discretion by granting summary judgment for defendant without ruling on plaintiff's motion to compel, such that summary judgment was entered on potentially inadequate record).[3]

---

[3] Of course, the pertinent inquiry is not whether the entire discovery period has been completed, but merely whether the parties have had an adequate opportunity for discovery. *See, e.g., Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) ("The district court is not required to await the completion of discovery before ruling on a motion for summary judgment. ... Before entering summary judgment the district court must ensure that the parties have an adequate opportunity for discovery."). Indeed, it is expected that "district judges will be open" to summary judgment motions filed "at an early stage of the
(Continued)

That said, something more than a casual citation to Rule 56(d) is needed before a nonmovant may be granted relief from a precipitous summary judgment motion. In particular, the party seeking to delay adjudication of the motion "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone*, 862 F.2d at 843 (citations and internal quotations omitted).

Merritt has failed to make a sufficient showing to activate Rule 56(d)'s protections. Defendant's sole basis for seeking to postpone consideration of the motion is his conclusory statement that he "requires discovery on Vision's claims, mitigation efforts, collection efforts, and all documents and communications surrounding these notes and Vision's allegations that Merritt is personally liable on said notes." (Doc. 18, at 1.) Such allegations are far too vague to derail Vision's Rule 56 motion. Merritt does not explain what facts concerning "Vision's claims" he might need to formulate a response. He does not indicate why discovery to explore Vision's "mitigation efforts" or "collection efforts" would be germane to the issues presented in the motion. Merritt does not state how any facts he might potentially obtain by accessing "all documents and communications surrounding these notes" would be pertinent to his defense against the Rule 56 motion. After all, Merritt himself should be well acquainted with the circumstances of these notes' negotiation, drafting, execution, implementation, and enforcement. And he does not explain why he needs discovery from Vision concerning Merritt's personal liability, when the notes themselves unequivocally identify Merritt alone as the borrower and Merritt himself should have personal knowledge of how these loans were structured. A party cannot use Rule 56(d) as a springboard for a fishing expedition or a delay tactic, but must instead

---

litigation if the moving party clearly apprises the court that a prompt decision will likely avoid significant unnecessary discovery." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188 (11th Cir. 2005); *see also Reflectone*, 862 F.2d at 843-44 (declining to adopt a *per se* rule prohibiting the entry of summary judgment before discovery). The new version of Rule 56 reinforces this point by reiterating that, unless a different time is set by court order or local rule, "a party may file a motion for summary judgment ***at any time*** until 30 days after the close of all discovery." Rule 56(b), Fed.R.Civ.P. (emphasis added). So Vision's filing of a summary judgment motion early in the lifespan of this litigation is not *per se* improper; instead, Merritt must show why he reasonably requires discovery before that motion is decided.

specify what documents or discovery are needed, and why those materials are relevant to the issues raised on summary judgment. Merritt has not done so.

In short, defendant has failed to satisfy his burden under Rule 56(d) of showing specifically why "it cannot present facts essential to justify its opposition" without first undertaking discovery in the specified areas. Accordingly, Merritt's Motion for Extension of Time to Respond (doc. 18) is **denied**.

### B. *Merritt's Substantive Response is Factually and Legally Inadequate.*

Defendant's efforts to postpone consideration of Vision's Rule 56 motion having proven fruitless, the Court now turns to Merritt's substantive response to the motion. As presented, Merritt's skeletal, one-page response is far too meager to rebut Vision's showing that summary judgment is warranted on the breach of contract claim.

As an initial matter, Merritt states that genuine issues of material fact exist because he "denies that he is personally liable on said notes." (Doc. 18, at 2.) But this statement is presented in the form of an unadorned representation of counsel, devoid of record support, rather than in the form of an affidavit or declaration. Counsel's representations in a memorandum of law are not evidence that may be properly considered on summary judgment.[4] More fundamentally, Merritt fails to explain why, under applicable law, he believes he may rely on parol evidence to contradict the unambiguous terms of the promissory notes identifying Merritt personally (not some corporate entity) as the borrower. *See, e.g., Pope v. Hare*, 423 So.2d 862, 864 (Ala.Civ.App. 1982) ("Generally, such terms of a valid written note cannot be varied or contradicted by parol evidence."); *Jackson v. Sample*, 173 So. 510, 511 (Ala. 1937) (recognizing "rule against the contradiction or variance of written instruments by parol" and explaining that "said rule applies to notes as well as other written contracts"). At best, Merritt contends that the borrower was actually Merritt Oil Company, Inc., rather than Merritt himself, because the guarantee sections of the notes were left blank. This reasoning appears opaque. Merritt does not

---

[4] *See, e.g., Taylor v. Holiday Isle, LLC*, 561 F. Supp.2d 1269, 1275 n.11 (S.D. Ala. 2008) ("Unadorned representations of counsel in a summary judgment brief are not a substitute for appropriate record evidence."); *Nieves v. University of Puerto Rico*, 7 F.3d 270, 276 (1st Cir. 1993) ("Factual assertions by counsel in motion papers, memoranda, briefs, or other such self-serving documents, are generally insufficient to establish the existence of a genuine issue of material fact at summary judgment.").

explain how an unexecuted "guarantee" section in two promissory notes could somehow transform the borrower from the person clearly identified as such in those notes to a third-party entity whose name is nowhere mentioned therein. By all appearances, a blank guarantee section means only that no one was guaranteeing Merritt's repayment obligations, not that repayment obligations never accrued to Merritt (the named borrower) in the first place.

Next, defense counsel states that Merritt "disputes the amounts claimed owed" under the notes. (Doc. 18, at 2.) Again, there is no record evidence of such a dispute. Nor does Merritt offer any evidence concerning his payment history under the notes (which should be equally available to him as to Vision) or his own calculation of the amounts due and owing. This Court will not deny summary judgment based on Merritt's blanket invocation of the specter of genuine factual disputes without a scintilla of record evidence to back his assertion.

Defendant also opposes summary judgment on the ground that Vision has failed to present proof of mitigation or collection efforts, including efforts to foreclose on the collateral. But Merritt offers no affirmative evidence concerning foreclosure or lack thereof, even though presumably such evidence would be readily available to him. Furthermore, he does not cite a single authority to support his conclusory legal proposition that any failure by Vision to foreclose on the collateral is tantamount to a "release or novation" excusing Merritt's nonperformance. If Merritt wishes to pursue such a legal theory, it is incumbent on him to perform the necessary research and develop that argument, rather than stating it in the vaguest of outlines and expecting this Court to fill in the gaps. *See generally Federal Ins. Co. v. County of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk.").

In light of the foregoing, defendant's response in opposition to Vision's Motion for Summary Judgment is wholly inadequate, in terms of both factual support and legal development. That said, under the particular circumstances of this case, the Court recognizes that defendant was placed in a difficult posture because he may have been lulled by his now-denied Rule 56(d) motion into thinking that he would receive a reprieve from having to respond on the merits, and therefore not invested the necessary time and effort into preparing that response. Based on that consideration, and in an abundance of caution, the Court will afford Merritt a limited opportunity to supplement his summary judgment response with specific facts and legal argument that bolster his previous contentions. Please note that the Court is not

authorizing Merritt to formulate brand-new summary judgment arguments not mentioned in his initial response, but is instead allowing him a chance to flesh out the arguments previously submitted with appropriate record evidence and legal authorities. Of course, plaintiff will be permitted to file a supplemental reply if it so desires.

### III. Conclusion.

For the foregoing reasons, it is **ordered** as follows:

1. Defendant's Motion for Extension of Time (doc. 18) under Rule 56(d), Fed.R.Civ.P., is **denied**;
2. Defendant is authorized to file a supplemental response to the pending Motion for Summary Judgment, subject to the limitations identified herein, on or before **December 21, 2010**;
3. Plaintiff may, but is not required, to file a supplemental reply in support of the pending Motion for Summary Judgment on or before **December 30, 2010**; and
4. The Motion for Summary Judgment will be taken under submission after **December 30, 2010**.[5]

DONE and ORDERED this 8th day of December, 2010.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Because of the limited nature of this supplemental briefing, the narrow legal and factual issues presented, and the parties' familiarity with the Motion for Summary Judgment, it is not anticipated that any enlargement of these briefing deadlines will be necessary even with the impending holiday season. Any requests for extension will be scrutinized closely.